**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| COUNTRY STEVENS, | ) | 3:17-cv-00093-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | Re: ECF No. 22, 23 |
| | ) | |
| BRIAN WARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is Plaintiff's "Motion for Violation of the Fed. R. Civ. P. 37.1(1)(2), Duty to Preserve Evidence, Sanctions for Spoilation, and FRCP Rule 34" (ECF No. 22). Defendant opposed the motion (ECF No. 25) and Plaintiff has replied (ECF No. 27). Also before the court is Plaintiff's "Motion for Sanctions for Violation of Fed. R. Civ. P. Rule 34, Disclosures and Discovery" (ECF No. 23). Defendant opposed the motion (ECF No. 26) and Plaintiff has replied (ECF No. 28).

**BACKGROUND**

In the court's Screening Order, Plaintiff's complaint was allowed to proceed on a portion of Count II alleging First and Eighth Amendment claims against Dr. Mar. (ECF No. 7 at 14.) Plaintiff's complaint alleges he was sexually assaulted by Dr. Mar during a medical examination witnessed by a correctional officer and a nurse.

**Motion for Violation (ECF No. 22)**

Plaintiff contends in the instant motion that Dr. Mar violated Fed. R. Civ. P. 34 by not preserving the alleged photo or video evidence regarding the matters at issue in this case. Specifically, Plaintiff claims Dr. Mar should have preserved camera footage allegedly taken by Dr. Marsha Johns "for use to

challenge Dr. Marsha Johns findings" during a follow-up examination by Dr. Johns that occurred three days after the exam Plaintiff complains about in his Complaint. (ECF No. 22 at 2.)

In response to Plaintiff's motion, Defendant Mar states that Plaintiff "does not explain how or why Dr. Mar should be held responsible for failing to preserve medical information allegedly obtained by another doctor (Dr. Johns) who is not a party to this action. Without such a connection, it would be improper to hold Dr. Mar responsible for the actions of another licensed physician." (ECF No. 25 at 2.)

Plaintiff's reply memorandum (ECF No. 27) restates his earlier arguments. Plaintiff contends that he "has in fact shown the connection binding both Mar and Johns in their duty to preserve medical information." (*Id.* at 4.)

The court finds that Plaintiff has not established that Dr. Mar (the only defendant in this action) failed to preserve electronic information in violation of Fed. R. Civ. P. 37(e). Dr. Johns is not a party to this case and the alleged fact that Dr. Johns used a camera during a rectal examination does not establish that the camera recorded any information that was later destroyed. Additionally, the court questions the relevance of the alleged photo or video evidence of the examination of Dr. Johns.

Plaintiff's "Motion for Violation of the Fed. R. Civ. P. 37.1(1)(2), Duty to Preserve Evidence, Sanctions for Spoilation, and FRCP Rule 34" (ECF No. 22) is **DENIED**.

### **Motion for Sanctions (ECF No. 23)**

Plaintiff's motion does not describe any specific misconduct or discovery violations. Plaintiff's motion does not provide the court the disputed discovery which is the vague subject of his motion as is required by LR 26-7(b). It appears that via this current motion (ECF No. 23) Plaintiff may be seeking sanctions with respect to his "Motion for Violation" (ECF No. 22) which the court has denied above.

Additionally, Plaintiff's motion does not include the required certification of a good faith attempt to meet and confer. A motion seeking to compel responses to discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* LR 26-7(c).

///

Plaintiff's "Motion for Sanctions for Violation of Fed. R. Civ. P. Rule 34, Disclosures and Discovery" (ECF No. 23) is **DENIED** without prejudice. If Plaintiff elects to renew his motion, it must comply with Rule 37.

**IT IS SO ORDERED.**

DATED: November 20, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE