UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COUNTRY STEVENS,<br><br>    Plaintiff<br><br>v.<br><br>BRIAN WARD, et. al.,<br><br>    Defendants | Case No.: 3:17-cv-00093-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 40 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Dr. David Mar's Motion for Summary Judgment. (ECF Nos. 40, 40-1 to 40-6.) Plaintiff filed a response. (ECF No. 42.) Dr. Mar filed a reply. (ECF No. 43.)

After a thorough review, it is recommended that Dr. Mar's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 8.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*) The only defendant is Dr. Mar. (ECF Nos. 7, 10.)

On screening, Plaintiff was allowed to proceed with an Eighth Amendment claim as well as a First Amendment retaliation based on allegations that Dr. Mar sexually assaulted Plaintiff

during the course of a physical examination because Plaintiff had exercised his First Amendment right to complain about not getting boots to address his medical problems. (ECF No. 7.)

Specifically, Plaintiff alleges that on April 15, 2016, under the guise of performing a standard physical exam, Dr. Mar shoved his fingers up the area above the testicles and told Plaintiff to cough, but he could not because of the pain, and then he stuck his finger inside Plaintiff's anus and shoved it up as far as he could until it hurt, causing him to suffer pain in his rectum until August 10, 2016, as well as emotional trauma.

Dr. Mar moves for summary judgment, arguing that Plaintiff's claims are unsupported by physical evidence or corroborating testimony.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-50. As to materiality, only disputes over facts that might affect

the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*.

1  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set
2  forth specific facts by producing competent evidence that shows a genuine dispute of material
3  fact for trial. *Celotex*, 477 U.S. at 324.
4     At summary judgment, the court's function is not to weigh the evidence and determine
5  the truth but to determine whether there is a genuine dispute of material fact for trial. *See*
6  *Anderson*, 477 U.S. at 249. While the evidence of the nonmoving party is "to be believed, and all
7  justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is
8  merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-
9  50 (citations omitted).

## III. DISCUSSION

11    According to Dr. Mar, he conducted a routine physical examination of Plaintiff on
12 April 15, 2016.  Dr. Mar does not recall the exam, but conducted several examinations of
13 Plaintiff over the years and does not recall any incidents or complaints. (Dr. Mar Decl., ECF No.
14 40-3.) There were two witnesses during the examination on April 15, 2016—Jessica Rambur (a
15 nurse at NDOC) and Richard Shepherd (a correctional officer)— and they did not witness any
16 improper conduct, and Plaintiff did not complain during or after the exam about the procedures.
17 (Decl. of Jessica Rambur, ECF No. 40-1; Decl. of Richard Shepherd, ECF No. 40-2.) Instead,
18 they confirm that Dr. Mar informed Plaintiff that a prostate exam was part of the physical, and
19 explained that the exam consisted of entering his finger up Plaintiff's anus to check the prostate.
20 (Rambur Decl., ECF No. 40-1 ¶¶ 8-9; Shepherd Decl., ECF No. 40-2 ¶ 8.) Dr. Mar also
21 explained there would be an inguinal hernia check that consisted of Dr. Mar placing his fingers
22 in Plaintiff's scrotal sack and having Plaintiff turn his head and cough. (Rambur Decl.,

ECF No. 40-1 ¶ 10; Shepherd Decl., ECF No. 40-2 ¶ 8.) Plaintiff indicated he understood each procedure and consented to both. (Rambur Decl., ECF No. 40-1 ¶ 12; Shepherd Decl., ECF No. 40-2 ¶ 10.)

Plaintiff saw Dr. Marsha Johns four days later, and an unusual occurrence report was prepared by the Director of Nursing Services, Theresa Wickham. (ECF No. 40-5.) The report stated that Plaintiff said he had an argument with Dr. Mar about his medically required boots during his physical exam, and Dr. Mar left the room and returned with an officer and nurse and performed the hernia and prostate portion of the exam. (*Id.*) Plaintiff reported that Dr. Mar put his finger too far inside of Plaintiff's rectum during the prostate portion of the exam, and pressed too hard on his abdomen during the hernia exam. (*Id.*)

Dr. Johns recalls Plaintiff being brought to medical for an examination because he was complaining about a physical examination that was conducted by Dr. Mar. (Dr. Johns Decl., ECF No. 40-4.) Dr. Johns conducted a prostate and hernia exam on Plaintiff without him indicating that there was any difficulty or discomfort, and she did not observe any indication Plaintiff was sexually assaulted by Dr. Mar. (*Id.*)

Plaintiff acknowledges that he agreed to a routine physical examination, and that there were two witnesses during the physical examination. Plaintiff asserts, however, that he did not agree to be sexually assaulted by Dr. Mar. He posits that neither witness saw anything improper because they were standing near the door of the exam room, talking to each other. He also disputes that Dr. Mar explained the procedures to him as stated in their declarations. He maintains that Dr. Mar shoved his fingers in the area above the testicles and told Plaintiff to cough, but he could not because of the pain and shock. Plaintiff contends that right after the alleged frontal assault he said, "what the hell was that?" When Dr. Mar told Plaintiff to get up on

5

the exam table and lay down on his right side and pull his knees up to his chest, Plaintiff said: "I can't because it hurts." He claims that Dr. Mar proceeded to assault him from behind, and then shoved his fingers so far up into Plaintiff's anus that it hurt. He claims that he suffered in pain above his testicles and in his rectum for four months after the exam with Dr. Mar. He submits evidence that he complained about the alleged assault to his mental health providers.

Plaintiff contends that when he saw Dr. Johns, the first thing she said to him was: "Your complaint against Dr. Mar is going nowhere."

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). Sexual harassment or assault of an inmate by a prison official violates the Eighth Amendment. *See Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) ("In the simplest and most absolute terms … prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse[.]"); *see also Wood*, 692 F.3d at 1046. Sexual assault by a prison official is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (alteration original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Sexual contact between a prison official and prisoner "serves no legitimate role" and "[w]here there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" *Id.* at 1050 (quoting *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999)). As to the objective component, "there is no requirement that the plaintiff produce evidence of injury, '[r]ather, the

only requirement is that the officer's actions be offensive to human dignity." *Id*. (quoting *Schwenk*, 204 F.3d at 1196).

There is a genuine dispute as to whether Dr. Mar sexually assaulted Plaintiff in violation of the Eighth Amendment.

Dr. Mar states that he does not recall this particular exam, but he conducted other physical exams of Plaintiff without incident. He submits declarations from the nurse and officer who were in the room during the exam who state that Dr. Mar explained the procedures and Plaintiff made no complaints. He also submits the declaration of Dr. Johns, who examined Plaintiff after the incident, and found no indication of sexual assault.

Plaintiff, on the other hand, claims that he did voice concern during the exam, and that the two other individuals present would not have noticed anything improper because they were standing by the door and talking to each other. He disputes that Dr. Mar explained the procedures to him. He maintains that the exam went well beyond a proper physical exam, and that he suffered in pain for four months afterward and complained about the assault to his mental health providers. He claims that when he saw Dr. Johns, the first thing she said to him was that his complaint against Dr. Mar would go nowhere. In sum, Plaintiff presents sufficient evidence to create a genuine dispute of material fact that the exam by Dr. Mar went beyond serving any legitimate purpose.

Dr. Mar argues that Plaintiff's self-serving and uncorroborated statements are insufficient to defeat a motion for summary judgment. The Ninth Circuit has acknowledged, however, that "declarations are often self-serving" and "this is properly so because the party submitting it would use the declaration to support his or her position." *Nigro v. Sears Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (citing *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2008) (holding

that district court erred in disregarding declarations as "uncorroborated and self-serving")). "Although the source of the evidence may have some bearing on its credibility, and thus on the weight it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Id*. This is particularly true in this case where Plaintiff would not be able to offer any other evidence to corroborate what he contends was an intrusive examination that went beyond the bounds of a standard physical examination. Therefore, Dr. Mar's motion for summary judgment should be denied as to the Eighth Amendment sexual assault claim.

Dr. Mar's only argument as to why Plaintiff's retaliation claim fails is that he did not take any adverse action (i.e., the alleged sexual assault) against Plaintiff. Since there is a genuine dispute of material fact as to whether the alleged sexual assault occurred, there is also a genuine dispute of fact as to whether Dr. Mar took any adverse action against Plaintiff. Therefore, summary judgment should be denied as to the retaliation claim as well.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Dr. Mar's motion for summary judgment (ECF No. 40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 25, 2019

_____
William G. Cobb
United States Magistrate Judge